IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNIVERSAL LEATHER, LLC., )
)
Plaintiff, )
)
)
)
v. ) 1:12CV604
)
KORO AR, S.A, )
)
)
Defendant. )

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) (*forum non conveniens*) and 12(b)(6). (Docket Entry 12.) Plaintiff filed an untimely motion for extension of time to file a response to oppose this motion. (Docket Entry 16.) For the following reasons, Plaintiff's motion for an extension is denied and it is recommended that the Court grant Defendant's motion to dismiss.

## I. PROCEDURAL BACKGROUND

On June 18, 2012, this action came to this Court after Defendant removed it from North Carolina General Court of Justice, Superior Court Division, in Guilford County. (Docket Entry 1.) After Defendant filed two motions for extensions of time to file an answer (Docket Entries 9, 10), Defendant filed the instant motion to dismiss. (Docket Entry 12.) The response to the motion was due on September 17, 2012, but no response was filed. Plaintiff did, however, file an affidavit of Kenneth M. Kochekian, an assistant manager of

Plaintiff company. (Docket Entry 14.) Consequently, on September 20, 2012, the Clerk of Court sent a letter to Plaintiff's counsel regarding the failure to respond to Defendant's motion. (Docket Entry 15.) On that same day, Plaintiff's counsel filed a motion for an extension of time to respond (Docket Entry 16), a second affidavit of Kenneth M. Kochekian (Docket Entry 17), and Plaintiff's opposition brief to Defendant's motion. (Docket Entry 18.) On October 4, 2012, Defendant filed a response in opposition to Plaintiff's motion requesting an extension of time. (Docket Entry 20.) On October 9, 2012, Defendant also filed a response to Plaintiff's opposition brief, in the event this Court was to grant Plaintiff's motion to extend time. (Docket Entry 21.) On October 10, 2012, Plaintiff's counsel filed an affidavit on behalf of himself in support of the motion for extension of time. (Docket Entry 22.)

## II. FACTUAL BACKGROUND

Plaintiff is incorporated as a limited liability company under the laws of North Carolina and maintains its principal place of business in High Point, North Carolina. (Compl., ¶ 1.) Defendant is a leather tannery with its principal place of business and incorporation in Buenos Aires, Argentina. (Compl., ¶ 2; Decl. of Mauro H. Merlo ¶ 3, Def's. Br. in Supp. of Mot. to Dismiss, Docket Entry 13-1.) Plaintiff and Defendant were engaged in business transactions for the buying and selling of leather. (*See* Compl.; Merlo Decl. ¶ 4.) As a result of the business transactions there are several disputed issues regarding the nature of the business between the parties, hence this cause of action.

Plaintiff alleges that on April 19, 2010, representatives of Defendant's company came to High Point, North Carolina to meet with Plaintiff for the purposes of discussing leather

2

business and attending leather markets. (Kochekian Aff. I ¶ 3.) Defendant claims that the alleged representatives were in fact not representatives or officers of their company. (*See* Merlo Decl. ¶ 3.) Defendant also claims that the beginning of the parties business relationship was fostered through a third-party, Pantin Tanneries, located in Argentina. (*Id.*) Defendant claims that the only contact made with Plaintiff was through Pantin until Pantin went bankrupt in 2011. (Kochekian Aff. I ¶ 6; Merlo Decl. ¶¶ 4-9.) Later communications between the parties were solely through e-mails consisting of purchase orders from Plaintiff and e-mails from Defendant to Plaintiff requesting missing payments. (Kochekian Aff. I ¶ 12; Merlo Decl. ¶ 5.) Plaintiff alleges Defendant failed to supply quality leather in a timely manner to meet the purchase order requirements. (Kochekian Aff. I ¶¶ 15-18.)

Plaintiff and Defendant do agree that all shipments were sent F.O.B. (Free on Board) the port in Argentina in which Defendant would give the leather to Argentinian customs. (Kochekian Aff. I ¶ 12; Merlo Decl. ¶7.) The parties also agree that each order was a separate purchase order/contract. (*See* Kochekian Aff. I ¶ 12; Merlo Decl. ¶ 10.) Both parties agree that ordinarily upon shipment of the goods Plaintiff would wire payments to Defendant's bank account in Argentina. (Kochekian Aff. I ¶ 8; Merlo Decl. ¶ 11.) Plaintiff had an employee in Argentina named Omar Puente. (Kochekian Aff. I ¶ 13.) Defendant claims Puente performed leather tests for the company. (Merlo Decl. ¶ 8.) Although Plaintiff alleges they do not have offices in Argentina, Defendant's brief calls attention to Plaintiff's website, wherein Plaintiff references offices in "several countries," including Argentina. (Def's. Mot. to Dismiss at 2-3.; Merlo Decl. ¶ 4.)

3

## III. DISCUSSION

Defendant has moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(2) (*forum non conveniens*) and 12(b)(6). (Docket Entry 12.) Plaintiff filed a late motion for an extension of time (Docket Entry 16) to respond to Defendant's motion to dismiss. Consequently, both of these motions are ripe for disposition.

a) <u>Personal Jurisdiction</u>

On a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction, Plaintiff bears the burden "to prove grounds for jurisdiction by a preponderance of the evidence." *Sloane v. Laliberte*, Case No. 1:08CV381, 2011 U.S. Dist. LEXIS 78548, at 14 (M.D.N.C. July 19, 2011) (quoting *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993)). "[W]hen a court examines personal jurisdiction on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of personal jurisdiction." *Sloane*, 2011 U.S. Dist. LEXIS 78548, at 14 (internal quotation marks and citations omitted). "Under such circumstances, a court must 'construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" *Id.* at 14-15 (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

"[I]n order for a district court to validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied. First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process

4

requirements." *Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). "[I]t is apparent that the [North Carolina] General Assembly intended to make available to the North Carolina courts the full jurisdictional powers permissible under federal due process." *Sloane*, 2011 U.S. Dist. LEXIS 78548, at 15 (quoting *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977)). "Thus, the dual jurisdictional requirements collapse into a single inquiry as to whether the defendant has such minimal contacts with the forum state that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Sloane*, 2011 U.S. Dist. LEXIS 78548, at 15-16 (internal quotation marks and citations omitted).

Subsequently, the test for *specific in personam* jurisdiction to establish minimum contacts sufficient for personal jurisdiction is: (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711-12 (4th Cir. 2002).

When determining (1) whether a defendant has purposefully availed itself of the privilege of doing business in the forum state, courts considers a variety of factors, including:

> [1] whether the defendant maintains offices or agents in the forum state; [2] whether the defendant owns property in the forum state; [3] whether the defendant reached into the forum state to solicit or initiate business; [4] whether the defendant deliberately engaged in significant or long-term business activities in the forum state; [5] whether the parties contractually agreed that the law of the forum state would govern disputes; [6] whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; [7] the nature, quality and extent of the parties'

5

communications about the business being transacted; and [8] whether the performance of the contractual duties was to occur within the forum.

*Consulting Eng'rs Corp. v. Geometric Software Solutions, Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009). "If, and only if, [a court] find[s] that the plaintiff has satisfied this first prong of the test for specific jurisdiction need [the court] move on to a consideration of prongs two and three." *Sloane*, 2011 U.S. Dist. LEXIS 78548, at 17-19 (quoting *Consulting Eng'rs Corp.*, 561 F.3d at 278).

Additionally, "[T]he mere fact that *emails*, telephone calls, and faxes were employed does not, of itself, alter the minimum contacts analysis . . . [t]he analysis must focus on the nature, quality, and quantity of the contacts, as well as their relation to the forum state." *Sloane*, 2011 U.S. Dist. LEXIS 78548, at 32-33 (quoting *Consulting Eng'rs*, 561 F.3d at 279 n.5) (emphasis added)). "This Court similarly has declined to find that a defendant's electronic communications sent into the forum generally establishes purposeful availment." *Sloane*, 2011 U.S. Dist. LEXIS 78548, at 32-33 (citing *WLC, LLC v. The Learning Co.*, 454 F. Supp. 2d 426, 436-37 (M.D.N.C. 2006)).

Personal jurisdiction over Defendant is not warranted based on the Supreme Court's and Fourth Circuit's interpretation of foreign Defendants and the minimum contacts that are required to exercise jurisdiction.[1] *See Sloane*, 2011 U.S. Dist. LEXIS 78548, at 15-19. Many facts are disputed between the parties, but as required by this Court the record is viewed in

---

[1] It is unnecessary to analyze the additional prongs of personal jurisdiction when the first prong of minimum contacts is not met. *Sloane*, 2011 U.S. Dist. LEXIS 78548, at 17-19 (quoting *Consulting Eng'rs Corp.*, 561 F.3d at 278) ("If, and only if, [a court] find[s] that the plaintiff has satisfied this first prong of the test for specific jurisdiction need [the court] move on to a consideration of prongs two and three.")

6

light most favorable to Plaintiff. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). Accordingly upon viewing the record in a light most favorable to Plaintiff, the court finds there is lack of in personam jurisdiction, for the following reasons.

First, Plaintiff alleges that agents acting on behalf of Defendant came to High Point, North Carolina but does not claim any contract or agreement was made while these alleged representatives were present in High Point. (Kochekian Aff. I ¶ 3.) Thus, even taking this fact as credible from Plaintiff, the alleged visit does not constitute "minimum contacts" sufficient to "avail" Defendant of jurisdiction. There is no claim that at the time of this visit the parties entered into a long-term binding contract, implied business relations, or anything other than a cordial visit. (Kochekian Aff. I ¶ 3.) *See Consulting Eng'rs Corp.*, 561 F.3d at 278. Further, even if the purpose of Defendant's trip was solely to discuss starting business relations, Plaintiff admits only after this alleged visit were the purchase orders/individual contracts sent from High Point, North Carolina to Argentina. (Kochekian Aff. I ¶ 9.) Therefore, the contract was entered into outside of this forum state and continues to weigh against subjecting Defendant to personal jurisdiction. *Consulting Eng'rs Corp.*, 561 F.3d at 278.[2]

Secondly, Plaintiff contends that all orders were filled, performed, and given directly to Defendant making them solely responsible for taking such orders to Argentinian customs. (Kochekian Aff. I ¶ 8.) Further, subsequent to Defendant leaving the shipments at the port with Argentinian customs, Plaintiff would wire payment to Defendant in Argentina. (*Id.*)

---

[2] *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (U.S. 1985) (holding a contract serves as contact with the forum state).

Accordingly, the facts of this case are similar to those in *Ellicott Machine Corp., Inc. v. John Holland Party Ltd.*, in which the Court held "out-of-state contract performance mitigates against the assertion of personal jurisdiction in the forum state." 995 F.2d 474, 478 (4th Cir. 1993). Therefore, although Plaintiff argues these points to illustrate the alleged breaches of contract, all of these allegations weigh against personal jurisdiction over Defendant. *See id.*; *see also Consulting Eng'rs Corp.*, 561 F.3d at 278.

According to the purchase orders submitted by Plaintiff and the affidavits from both parties, Defendant was only responsible for shipping the products to the Argentinian port. Because Defendant directed no products to locations in the United States, Plaintiff has not proven sufficient minimum contacts with North Carolina to justify the exercise of personal jurisdiction.[3] (Kochekian Aff. I ¶ 12; Merlo Decl. ¶ 7.) Further, the record indicates that the individual contracts were labeled "F.O.B. (free on board) Argentina" and thus according to the CISG, the risk of loss transfers from the seller to the buyer at this point.[4] (*Id.*) *See* CISG Chap. IV, Art. 67; *see also Dassault Falcon Jet Corp. v. Oberflex, Inc.*, 909 F. Supp. 345, 353 (M.D.N.C. 1995). Consequently, it follows that the control of the product was then within Plaintiff's custody not Defendant's and thus Defendant did not purposely "avail" itself of the jurisdiction of this forum state. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-95 (1980). Therefore, Plaintiff's action of directing Defendant's products into this forum does not satisfy the "minimum contacts" requirement. *See Consulting Eng'rs Corp.*, 561

---

[3] *See Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 114 (1987) (holding that placing a product into "stream of commerce" is not enough to constitute a minimum contact); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-95 (1980).
[4] United Nations Convention on Contracts for the International Sale of Goods [CISG] (1980), is the governing authority for countries partnered with the United Nations to regulate international trade.

8

F.3d at 277 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (U.S. 1985) ("The minimum contacts test requires the plaintiff to show that the *defendant* 'purposefully directed his activities at the residents of the forum' and that the plaintiff's cause of action 'arise[s] out of' those activities.") (emphasis added).

Finally, Plaintiff argues that because that all communications regarding the purchase orders were solely between Defendant and Plaintiff, and because Defendant contacted Plaintiff regularly via e-mail in regards to purchase order payments, these contacts made solely between the represented parties establish sufficient personal jurisdiction contacts. However, this is not the law. *Sloane*, 2011 U.S. Dist. LEXIS 78548, at 32-33 (quoting *Consulting Eng'rs*, 561 F.3d at 279 n.5) ("[T]he mere fact that emails, telephone calls, and faxes were employed does not, of itself, alter the minimum contacts analysis . . . [t]he analysis must focus on the nature, quality, and quantity of the contacts, as well as their relation to the forum state.").

Therefore, in consideration of the above factors as set forth in *Consulting Eng'rs Corp.* and other authority, the Court considers the following: [1] Defendant is not located in North Carolina nor does Defendant own or maintain offices in North Carolina; [2] Defendant does not own property or pay taxes in North Carolina; [3] the parties did not reach a business agreement or contract in North Carolina; [4] the parties did not engage in significant long-term activities in North Carolina; [5] the parties did not contract for choice-of-law provisions; [6] although Defendant allegedly visited Plaintiff it still appears there was a lack of business negotiation or long-term contract made at this alleged meeting; [7] all communication submitted in the record indicated e-mails were the chosen method of

9

Case 1:12-cv-00604-WO-JLW Document 25 Filed 07/03/13 Page 9 of 10

F.3d at 277 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (U.S. 1985) ("The minimum contacts test requires the plaintiff to show that the *defendant* 'purposefully directed his activities at the residents of the forum' and that the plaintiff's cause of action 'arise[s] out of' those activities.") (emphasis added).

Finally, Plaintiff argues that because that all communications regarding the purchase orders were solely between Defendant and Plaintiff, and because Defendant contacted Plaintiff regularly via e-mail in regards to purchase order payments, these contacts made solely between the represented parties establish sufficient personal jurisdiction contacts. However, this is not the law. *Sloane*, 2011 U.S. Dist. LEXIS 78548, at 32-33 (quoting *Consulting Eng'rs*, 561 F.3d at 279 n.5) ("[T]he mere fact that emails, telephone calls, and faxes were employed does not, of itself, alter the minimum contacts analysis . . . [t]he analysis must focus on the nature, quality, and quantity of the contacts, as well as their relation to the forum state.").

Therefore, in consideration of the above factors as set forth in *Consulting Eng'rs Corp.* and other authority, the Court considers the following: [1] Defendant is not located in North Carolina nor does Defendant own or maintain offices in North Carolina; [2] Defendant does not own property or pay taxes in North Carolina; [3] the parties did not reach a business agreement or contract in North Carolina; [4] the parties did not engage in significant long-term activities in North Carolina; [5] the parties did not contract for choice-of-law provisions; [6] although Defendant allegedly visited Plaintiff it still appears there was a lack of business negotiation or long-term contract made at this alleged meeting; [7] all communication submitted in the record indicated e-mails were the chosen method of

contact and the settled law in this court is that e-mails alone do not constitute "minimum contacts"; and [8] Defendant produced all leather in Argentina not North Carolina and shipped all leather pursuant to the F.O.B. provisions alleged by both parties.[5] 561 F.3d at 278. Hence, for the foregoing reasons Defendant is not subject to personal jurisdiction of this Court.[6]

## IV. CONCLUSION

In viewing this Court's record in the light most favorable to Plaintiff this Court finds that personal jurisdiction over Defendant is lacking. Accordingly, the Court finds dismissal is appropriate.

For the reasons stated herein, Plaintiff's motion for extension of time (Docket Entry 16) is **DENIED**. Further, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Docket Entry 12) be **GRANTED**.

Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
July 3, 2013

---

[5] Due to this Court's lack of personal jurisdiction over Defendant, it is unnecessary to consider the additional arguments contained in Defendant's brief. *See Sloane*, 2011 U.S. Dist. LEXIS 78548, at 39-40 (citing *Consulting Eng'rs Corp.*, 561 F.3d at 278) (holding "because Plaintiff[ ] failed to show that Defendant[] purposefully availed themselves of the privilege of conducting business in North Carolina; the Court [does not] need [to] proceed [any] further.").

[6] Defendant's motion to dismiss would be granted regardless of whether or not a reply was received from Plaintiff because this Court lacks personal jurisdiction. Therefore, Plaintiff's motion for an extension of time is denied. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 403 n. 9 (4th Cir. 2003) (finding that district court did not abuse its discretion in granting a motion for an extension of time would be fruitless when the Court lacks personal jurisdiction).